IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CORNELL HESTER, | § | |
| | § | |
| Defendant Below, | § | No. 71, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0912010604 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 18, 2019
Decided: March 28, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)    On February 19, 2019, the appellant, Cornell Hester, filed a notice of appeal from a Superior Court order, dated and docketed on December 20, 2018, denying his request for a certificate of eligibility to file an application for sentence modification under 11 *Del. C.* § 4214(f).  A timely notice of appeal should have been filed by January 22, 2019.[1]   The Senior Court Clerk issued a notice directing Hester

---

[1] Supr. Ct. R. 6(a)(iv) (providing notice of appeal must be filed "[w]ithin 30 days after entry upon the docket of a judgment or order in any proceeding for post-conviction relief"); Supr. Ct. R. 11(a) (providing that if the last day of the time period is a legal holiday, then the time period runs until the next day the Clerk's office is open).

to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2)     In his response to the notice to show cause, Hester states that he has been transferred to multiple prisons, including a Pennsylvania prison, since the 2017 prison riot.  Although he was transferred from the Pennsylvania prison to Howard R. Young Correctional Institution ("HRYCI") in September 2018, he did not receive his legal paperwork that he needed to file this appeal from the Pennsylvania prison until February 2019.  In response, the State notes that these issues are not attributable to court-related personnel and therefore do not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

(3)     The State also laudably brings to the Court's attention that the HRYCI prison mail logs do not indicate whether Hester received timely notice of the Superior Court's December 20, 2018 order.  It is unclear whether the Superior Court order was sent to HRYCI or the Pennsylvania prison or whether there was a delay or a lack of distribution by prison personnel.  Because of the possibility that Hester did not receive the December 20, 2018 order in a timely manner, the State suggests that the matter be remanded to the Superior Court with directions to re-issue the December 20 2018 order so Hester has the opportunity to file a timely notice of appeal.

(4)    We agree that the proper course of action is to remand this matter to the Superior Court.  Upon remand, the Superior Court shall resissue the December 20, 2018 order.

NOW, THEREFORE, IT IS ORDERED that the within matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice